IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PETE ROMERO,

    Petitioner,

vs.                                                            Civ. No. 98-194 MV/LCS

KENNETH S. APFEL,
Commissioner of Social Security,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

Proposed Findings

    1. This matter comes before the Court upon the Commissioner's Motion to Dismiss, filed May 21, 1998. The Commissioner argues in his motion that the Court lacks jurisdiction in this matter because the Plaintiff's complaint was untimely filed.

    2. 42 U.S.C. §405(g) provides that a civil action is to be "commenced within sixty days after the mailing" of the notice of the Commissioner's final decision. The Commissioner redefined §405(g) in his regulations by stating that the 60 day period will commence after the final decision is received by the claimant. 29 C.F.R. §§405.901; 422.210(c). Receipt is presumed to have occurred five days after the date of the final decision. **Id**.

    3. Contrary to the Commissioner's assertion, the 60 day filing period is a statute of limitations bar, not a jurisdictional one. **Bowen v. City of New York**, 476 U.S. 467, 479 (1986). The 60 day filing period "is contained in a statute that Congress designed to be 'unusually protective' of claimants." **Id**. at 480. Accordingly, the 60 day period is subject to equitable

1

tolling. **Id**. "While in most cases the [Commissioner] will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" **Id**. (quoting **Mathews v. Eldridge**, 424 U.S. 319, 330 (1976). Cases in which such equitable tolling is appropriate include those where the Commissioner or someone other than the claimant has hindered the claimant's attempt to timely file his suit by engaging in misleading conduct. **See, e.g., Wong v. Bowen**, 854 F.2d 630, 631 (2nd Cir. 1988); **Turner v. Bowen**, 862 F.2d 708, 710 (8th Cir. 1988). **See also** 20 C.F.R. §§404.911, 416.1411 (the Commissioner may grant an extension of time to file a suit where there is a mistake or the Commissioner undertook action which misled the claimant regarding his right to review).

   4.  In this case, the Commissioner asserts that the Plaintiff was two days late in filing his complaint.  The Commissioner based his calculation of the 60 day period on the December 5, 1997 date stamped on his copy of the Appeals Council determination not to review the Administrative Law Judge's decision denying benefits.  That Appeals Council determination is considered the final decision of the Commissioner.  The Plaintiff responded to the Commissioner's assertion by providing the Court with his copy of the Appeals Council's determination.  The Plaintiff's copy of that document has two dates stamped at the top: December 5, 1997 and December 15, 1997.  Moreover, the Plaintiff's old address had been scratched out and another address written in as well as a telephone number.  The Plaintiff relied on the December 15, 1997 date in calculating the 60 day period.  Using the December 15, 1997 date to calcuate the 60 day period, the complaint is timely.

5. The confusing and misleading nature of the dates on the Plaintiff's copy of the Appeals Council's determination is not a fault of the claimant. I find that the equities in favor of tolling the 60 day period are so great that deference to the Commissioner's position that this case is subject to dismissal for failure to timely file the complaint is inappropriate. Consequently, I find that the Commissioner's Motion to Dismiss has no merit and should, therefore, be denied.

## Recommended Disposition

I recommend denying the Commissioner's Motion to Dismiss. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE