# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**PETE ROMERO,**

    Plaintiff,

vs.                                                                                 Civ. No. 98-194 MV/LCS

**KENNETH S. APFEL,**
**Commissioner of Social Security,**

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

Proposed Findings

1. This matter comes before the Court upon Plaintiff's Motion to Reverse Administrative Agency Decision, filed on February 9, 1999. The Commissioner denied Plaintiff's request for disability insurance benefits. Plaintiff alleges disability due to an alcohol abuse problem, back injury, mental impairment and vision in only one eye.

2. The Commissioner denied Plaintiff's application for benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the application. The Appeals Council reviewed the ALJ's decision and remanded it back to the ALJ for further development of the record. A second administrative hearing was held. The ALJ again denied the Plaintiff's application for benefits. The Appeals Council again remanded the case, and a third hearing was conducted before an ALJ. The ALJ once again found that Romero was not disabled. The Appeals Council found that there was no basis for granting Plaintiff's request for review of the third decision; thus' the final

decision of the Commissioner is the third ALJ decision. Plaintiff now seeks review of that decision pursuant to 42 U.S.C. §405(g).

3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. *Id*.

4. Plaintiff raises the following allegations of error with respect to the ALJ's decision: First, the ALJ erred in finding that Plaintiff did not meet a listing impairment; Second, the ALJ erred in determining that Plaintiff's claims that his pain was disabling were not fully credible; Third, the ALJ incorrectly filled out the OHA Psychiatric Review Technique form, and finally, the combination of gaps in the transcript and the ALJ's garbled, incomplete and compound hypothetical questions to the vocational expert ("VE") rendered her answers insufficient to constitute substantial evidence in support of the ALJ's finding that Plaintiff had the residual functional capacity to perform other work in the national economy in view of Plaintiff's age, education and work experience.[1]

5. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." *Id*. at 1486 (citing 42 U.S.C. §423 (d)(1)(A)). To determine disability, the Commissioner has established a five step sequential evaluation process. *Id*. The sequential evaluation process ends if at any step the Commissioner

---

[1]Plaintiff actually raised four separate issues based upon the inaudible portions of the transcript and the ALJ's questioning of the vocational expert. The Proposed Findings and Recommended Disposition about the above issue render the other three issues moot, so they are not discussed.

finds that the claimant is disabled or not disabled. *Id*. (citations omitted). The third and fifth steps of the sequential evaluation process are at issue in this case. At step three, the Plaintiff bears the burden of establishing that his impairments, either singly or in combination, equal one of a number of listed impairments that the commissioner acknowledges as so severe as to preclude substantial gainful activity. *Id.* At step five, the burden shifts to the Commissioner to show that the claimant has a residual functional capacity (RFC) to do work in the national economy other than past relevant work. *Id*. at 1487 (citations omitted).

6. **The ALJ did not err in finding that Plaintiff did not meet a listed impairment.**

In his brief in chief, Plaintiff cites extensively to medical records that show a worsening in his back condition between 1992 and 1998. The Commissioner, in response, pointed out that to establish entitlement to benefits, Plaintiff must prove that his disability started prior to March 31, 1991, the date his insured status terminated. In his reply, Plaintiff ignored this argument, again citing only to medical records from 1994 to 1995. The burden is on Plaintiff to establish his disability during the insured period. A doctor's retrospective opinion on Plaintiff's condition in 1991 might have been possible based upon the 1992-1998 records, but in its absence the Court sees no error in the ALJ's decision. *See Flint v Sullivan*, 951 F.2d 264 (10th Cir. 1991).

7. **The ALJ's finding that Plaintiff's testimony was not fully credible is supported by substantial evidence.**

Plaintiff testified that he is in constant pain in his chest, side, shoulders, neck, lower back, and knees. He contends that while his testimony alone would be insufficient, his medical reports which show disc herniations support his subjective complaints, and furthermore, his testimony was uncontradicted. The Commissioner did not address this argument in his response; however,

in reviewing the opinion below it is clear that the ALJ found inconsistencies in Plaintiff's testimony and based his determination of Plaintiff's lack of credibility on those inconsistencies and several other factors as well. The ALJ found significant the Plaintiff's statement that he was, at times, nearly pain free. He also found significant the conservative nature of the treatment suggested for Plaintiff's injuries, Plaintiff's non-compliance with his doctors' suggested rehabilitation regimens, and the amount of Plaintiff's daily activities. Record at 23-24. This constitutes more than a scintilla of evidence that Plaintiff's pain is not as disabling as he claims; accordingly, the ALJ's credibility determination is supported by substantial evidence. *See Richardson v. Perales*, 402 U.S. 389, 402 (1971).

8. **The ALJ did not commit reversible error in filling out the OHA Psychiatric Review Technique Form**

Plaintiff contends that the evidence in the record established that he had frequent, or constant, deficiencies of concentration, persistence or pace which result in failure to complete tasks in a timely manner in work settings or elsewhere. He argues that the ALJ therefore erred in in stating on the OHA Psychiatric Review Technique Form that such lapses only occured "often". Plaintiff contends that had the ALJ properly completed this item, he would have met a listed impairment, namely, 20 C.F.R. Part 404, Subpt. P, App. 2, Listing 12.04B, and been considered disabled. In response, the Commissioner points out, *inter alia*, that in order to be found disabled, at least two areas of functional limitation of appropriate severity must be present. In reply, Plaintiff never alleges that such a second functional limitation existed. Accordingly, even if the ALJ erred in filling out the form, such error is not grounds to reverse the Commission's decision.

9. **The record is insufficient to determine whether the Plaintiff had a residual functional**

**capacity to perform work in the national economy other than his past relevant work.**

At step five, the burden is on the Commissioner to establish that a significant number of jobs exist in the national economy which Plaintiff is capable of performing, based upon his age, education, experience and physical and mental condition. To meet this burden, the ALJ in the present case relied on the testimony of a vocational expert. In order for the VE's testimony to constitute substantial evidence for the ALJ's findings on this issue, the hypothetical questions posed to the VE must adequately reflect the state of the record. *Gay v. Sullivan,* 986 F.2d 1336, 1341 (10th Cir. 1991).

Plaintiff contends that the combination of gaps in the transcript caused by inaudible words, and the ALJ's convoluted and complex phrasing of the hypothetical questions make it impossible to determine whether they adequately reflected the state of the record. The Commissioner responded that even with the inaudible portions, one can reasonably infer that the ALJ asked the VE to consider much of the evidence in the record and that the ALJ "posed a very specific hypothetical question to the vocational expert." Response at 7. The Commissioner stops short of arguing that the hypothetical the ALJ posed accurately reflected the state of the record.

A transcript must be adequate to allow judicial review. *Ward v Heckler,* 786 F.2d 844, 848 (9th Cir. 1986). Reviewing this transcript, I cannot determine if the hypothetical questions posed by the ALJ accurately reflected the state of the record, in part because of the compound structure of the questions, and in part because of the inaudible portions within them. Record at 106-118. Accordingly, I cannot determine whether substantial evidence exists to support the ALJ's decision that Plaintiff was not disabled at step five of the *Thompson v. Sullivan* analysis.

Recommended Dispositon

Because of the record's lack of clarity on whether hypothetical questions accurately reflecting the state of the record were posed to the vocational expert, the Court recommends granting the Plaintiff's Motion to Reverse and Remand for a redetermination of whether Plaintiff was or was not disabled at step five of the *Thompson v. Sullivan* analysis. Within ten days after a party is served with a copy of the Magistrate Judge's Proposed Findings and Recommended Disposition that party may, pursuant to 28 U.S.C. Sec. 636(b)(1)(C), file written objections to them. A party must file its objections within ten days if that party wants appellate review; in the absence of timely filed objections neither the District Court nor the Court of Appeals will review the Magistrate Judge's Proposed Findings and Recommended Disposition.

_____
Leslie C. Smith
United States Magistrate Judge